IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JORDAN S. HERB,  :
    Plaintiff  :
       : CIVIL NO. 1:12-CV-1402
v.  :
       : (Judge Caldwell)
DAUPHIN COUNTY PRISON,  :
    Defendant  :

*M E M O R A N D U M*

I. *Introduction*

Plaintiff, an inmate at the Dauphin County Prison, filed this 42 U.S.C. § 1983 action based on his conditions of confinement, specifically, being required to eat his meals next to a toilet constantly emitting an ammonia-like odor. Herb names the prison as the sole defendant.

Plaintiff also seeks to proceed *in forma pauperis*. Based on this request, the court is required under 28 U.S.C. § 1915(e)(2)(B) to examine the complaint for legal sufficiency. In doing so, the court will grant Herb's motion to proceed *in forma pauperis* but will dismiss the complaint for failure to state a claim upon which relief may be granted.

II. *Standard of Review*

A complaint filed *in forma pauperi*s may be dismissed if it is determined that the action fails to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). In deciding whether the complaint fails to state a claim on which relief may be granted, the court employs the same standard used to analyze motions to dismiss under Fed. R. Civ. P. 12(b)(6). *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999). Under Rule 12(b)(6), we must "accept all factual allegations as true, construe the

complaint in the light most favorable to plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Fowler v UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (quoting *Phillips v. Cnty. Of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008)).

*Pro se* pleadings are held to a less stringent standard than formal pleadings drafted by attorneys and are to be liberally construed. *See Erickson v. Pardus*, 551 U.S. 89, 94, 127 S.Ct. 2197, 2200, 167 L.Ed.2d 1081 (2007); *Giles v. Kearney*, 571 F.3d 318, 322 (3d Cir. 2009). *Pro se* litigants are to be granted leave to file a curative amended complaint even when a plaintiff does not seek leave to amend, unless such an amendment would be inequitable or futile. *See Phillips*, 515 F.3d at 245-46 (citing *Alston v. Parker*, 363 F.3d 229, 235 (3d Cir. 2004)). However, a complaint that sets forth facts which affirmatively demonstrate that the plaintiff has no right to recover is properly dismissed without leave to amend. *Grayson v. Mayview State Hospital*, 293 F.3d 103, 106 (3d Cir. 2002). With this standard in mind, we set forth the background of this litigation, as Plaintiff alleges it.

III. *Background*

Herb alleges the following. On June 26, 2012, he and another inmate were placed in a cell that was originally designed to house only one prisoner. (Doc. 1, Compl. at p. 2).[1] He and his cellmate are forced to eat their meals in this poorly ventilated cell while seated near a foul-smelling toilet. (*Id.*) Herb states "[t]his is the most d[isgusting] thing [he

---

[1] Unless otherwise noted, all citations to the record are to the docket number and page number assigned by the Electronic Case Filing system (ECF) rather than the page number of the original document.

has] ever endured." After filing a grievance on the matter, as of July 18, 2012, nothing had changed and he is "still being forced to eat in [his] cell beside a toilet." (*Id*. at p. 3). He claims the smell of ammonia coming from the toilet "is so strong [his] eyes are actually burning. This is due to no ventilation." (*Id*.). As relief, Plaintiff seeks an injunction requiring the prison to build a dining hall and damages in the amount of $185,000 to teach the prison a lesson.

IV.   *Discussion*

      A.  *Failure to State A Claim against Dauphin County Prison*

To state a § 1983 claim, a plaintiff must plead two essential elements: (1) the conduct complained of was committed by a person acting under color of state law, and (2) the conduct deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States. *Natale v. Camden Cnty. Corr. Facility*, 318 F.3d 575, 580-81 (3d. Cir. 2003). Personal involvement in the alleged wrongs is necessary for the imposition of liability in a civil rights action. *Evancho v. Fisher*, 423 F.3d 347, 353 (3d Cir. 2005); *Sutton v. Rasheed*, 323 F.3d 236, 249-50 (3d Cir 2003); *Rode v. Dellarciprete*, 845 F.2d 1195 (3d Cir. 1988). There is no *respondeat superior* liability in 1983 actions. *Evancho, supra.*

A county prison does not have the legal capacity to be sued in its own name. *Johnson v. DeRose,* No. 09-CV-267, 2010 WL 817398, at *9, n.8 (M.D. Pa. Mar. 9, 2010) (Caldwell, J.). Hence, the prison must be dismissed as a defendant. A proper defendant would be Dauphin County, but the County would not be liable under *respondeat superior*,

only for a policy or custom that caused injury to Plaintiff. *Watson v. Abington Twp.,* 478 F.3d 144, 155 (3d Cir. 2007). Plaintiff could also have named individual prison officials personally involved in the situation.

### B. *Herb Fails to State a Conditions-of-Confinement Claim*

Under the Eighth Amendment, prison officials must provide humane conditions of confinement; ensure that inmates receive adequate food, clothing, shelter, and medical care; and take reasonable measures to guarantee the inmates' safety. *Farmer v. Brennan,* 511 U.S. 825, 832, 114 S.Ct. 1970, 1976, 128 L.Ed.2d 811 (1994). Conditions that result in "unquestioned and serious deprivations of basic human needs" or "deprive inmates of the minimal civilized measure of life's necessities" violate the Eighth Amendment. *Rhodes v. Chapman,* 452 U.S. 337, 347, 101 S.Ct. 2392, 2399, 69 L.Ed.2d 59 (1981); *see also Hudson v. McMillian,* 503 U.S. 1, 8–10, 112 S.Ct. 995, 999–1000, 117 L.Ed.2d 156 (1992). The prison official or employee must also be deliberately indifferent to an inmate's health or safety. *Farmer,* 511 U.S. at 834, 114 S.Ct. at 1977.

Here, Herb contends he is forced to eat in his cell where a foul ammonia odor from his toilet causes his eyes to burn. Notably, it is not alleged that his toilet was malfunctioning, or that he was not permitted to flush it. Nor is it suggested that the toilet odor was due to sewage overflow in his cell. Albeit distasteful, being required to eat in his cell under such conditions does not amount to an Eighth Amendment deprivation. *See Walters v. Berks Cnty. Prison*, No. 11-6357, 2012 WL 760849, at *2 (E.D. Pa. Mar. 9, 2012) (being forced to eat in a cell next to a toilet emitting unpleasant odors does not violate the Eighth Amendment); *Hill v. Smith*, No. 09-0811, 2010 WL 148272, at *3, 6

(W.D. La. Jan. 12, 2010) (being forced to eat in a dormitory near toilets emitting odors does not violate the Eighth Amendment).

      Plaintiff's allegations cannot be remedied by amendment, so we will dismiss the Complaint without leave to amend.

      We will issue an appropriate order.

                                      /s/ William W. Caldwell
                                      William W. Caldwell
                                      United States District Judge

Date: July 26, 2012

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JORDAN S. HERB,<br>    Plaintiff | :<br>:<br>: CIVIL NO. 1:12-CV-1402 |
| v. | :<br>: (Judge Caldwell) |
| DAUPHIN COUNTY PRISON,<br>    Defendant | :<br>: |

*O R D E R*

AND NOW, this 26th day of July, 2012, IT IS ORDERED that:

   1. The Plaintiff's Application to Proceed *in forma pauperis* (Doc. 6), is GRANTED.

   2. This action is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted.[1]

   3. Any appeal taken from this Order shall be deemed frivolous, lacking in good faith and without probable cause.

   4. The Clerk of Court shall close this file.

                                       /s/ William W. Caldwell
                                      William W. Caldwell
                                      United States District Judge

---

[1] The dismissal of this action does not relieve Herb of the obligation to pay the filing fee. Until the filing fee is paid in full, the Administrative Order, issued July 20, 2012, is binding on the Warden of the Dauphin County Prison and the Warden or Superintendent of any correctional facility to which Plaintiff may be transferred.